IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELYNN B. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-1189-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Jacquelynn Taylor seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand.[1]

BACKGROUND

Ms. Taylor applied for benefits based on an alleged disability. Administrative Record at pp. 59-61, 299-302 (certified Feb. 12, 2007) ("Rec."). The SSA denied the applications initially and on reconsideration. *Id*. at pp. 26-27, 303-304. Following a hearing[2] the administrative law judge found that the Plaintiff could perform a full range of sedentary work and a significant range of light work, applied the medical-vocational guidelines, and concluded that the Plaintiff was not disabled.[3] The Appeals Council declined jurisdiction,[4]

---

[1] The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (Oct. 26, 2006).

[2] *See* Rec. at pp. 338-68.

[3] Rec. at pp. 18-19, 23-24.

[4] Rec. at pp. 6-8.

and the present action followed. In part, Ms. Taylor alleges error in the consideration of opinions by treating and examining physicians.[5]

## STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

## ERROR IN THE CONSIDERATION OF MEDICAL OPINIONS

"An [administrative law judge] must evaluate every medical opinion in the record . . . ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citation omitted); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d) (2005) ("Regardless of its source, we will evaluate every medical opinion we receive."). The administrative law judge violated this requirement through a failure to discuss the opinions by Dr. Michael Carl and Dr. John Hughes.

---

[5] Ms. Taylor also asserts other errors in the consideration of medical opinions, failure to explain the residual functional capacity ("RFC") determination, and improper reliance on the medical-vocational guidelines. The Court need not address these issues because reversal is necessary on other grounds.

I.      Dr. Carl

The administrative law judge ignored an opinion by a treating physician, Dr. Carl, and the omission requires reversal.

   A.     The Evaluation of a Treating Source's Opinion

An administrative law judge must follow a specific process when he assesses a treating physician's opinion. First, the judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*). This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the inquiry ends. *See id.* But if the conclusion is well-supported, the judge must confirm that the opinion is consistent with other substantial evidence in the record. *See id.* If the opinion is deficient, it is not entitled to controlling weight. *See id.* At that point, the administrative law judge must weigh the opinion based on multiple factors[6] and "give

---

[6]   These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

*Robinson v. Barnhart*, 366 F.3d at 1082 (citing 20 C.F.R. § 404.1527 & Social Security Ruling 96-2p).

good reasons" for the weight assigned to the opinion. *Id.* The judge may reject a treating source's opinion outright only on the basis of contradictory medical evidence. *See id.* If the judge rejects the opinion completely, he must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

> B.  Failure to Address Dr. Carl's Opinion

In October 2003, Dr. Carl released the Plaintiff from his care with permanent work restrictions of "no lifting, pushing, carrying, or pulling greater than ten pounds and no repetitive bending or stooping." Rec. at p. 237. The administrative law judge failed to mention the limitations assessed by Dr. Carl and concluded that the Plaintiff could perform a full range of sedentary work. *Id.* at pp. 23-24; *see supra* p. 1; *infra* pp. 6-7.

The Defendant argues that Dr. Carl's opinion was consistent with the administrative law judge's RFC determination. The Defendant is incorrect, as the RFC findings did not account for the limitations on bending and stooping.

Stooping limitations, like those assessed by Dr. Carl, are considered "nonexertional." *See* 20 C.F.R. §§ 404.1569a(c)(6), 416.969a(c)(vi) (2005). Thus, if the Plaintiff could not

repetitively stoop, he could not have performed a full range of sedentary work,[7] as the administrative law judge had found.

The Defendant argues that Dr. Carl had acknowledged an ability to perform sedentary work, citing:

- a report on October 27, 2003, stating that the Plaintiff should be authorized for vocational rehabilitation "in an effort to return her to gainful employment,"[8] and

- a report on August 13, 2003, releasing Ms. Taylor "to work light duty."[9]

The two reports provide no support for the Defendant's argument.

The term "sedentary" is defined in the social security regulations. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a) (2005). In authorizing "light duty" in August 2003, Dr. Carl was not suggesting that the Plaintiff could perform a full range of "sedentary" work as that term is defined in the social security regulations.[10] Indeed, when Dr. Carl authorized "light duty,"

---

[7] *See Goswick v. Chater*, 76 F.3d 392, 1996 WL 50460, Westlaw op. at 2 (10th Cir. Feb. 7, 1996) (unpublished op.) (concluding that nonexertional impairments, which included avoidance of repetitive stooping, affected the "claimant's ability to perform the full range of work in a given category"); *see also* Social Security Ruling 96-9p, Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work–Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 1996 WL 374185, Westlaw op. at 8 (July 2, 1996) (discussing the effect of stooping limitations on sedentary work).

[8] Rec. at p. 236.

[9] Rec. at pp. 240-41.

[10] *See* Social Security Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183, Westlaw op. at 5 (July 2, 1996) ("Adjudicators must not assume that a medical source using terms such as 'sedentary' and 'light' is aware of our definitions of these terms.").

he qualified the work release by adding that the Plaintiff could not engage in repetitive bending or stooping. Rec. at pp. 240-41; *see id*. at pp. 237-38 (stating a permanent work restriction involving a prohibition against repetitive bending or stooping); *see also supra* p. 4.

Rather than address Dr. Carl's opinions, the administrative law judge disregarded the stooping limitation and found that the Plaintiff could perform a full range of sedentary work. Rec. at p. 24; *see supra* pp. 1, 4; *infra* p. 7. The judge's RFC assessment conflicted with Dr. Carl's opinion, and there is no explanation in the written decision. The omission requires reversal. *See Williams v. Chater*, 76 F.3d 394, 1996 WL 60473, Westlaw op. at 1-2 (10th Cir. Feb. 12, 1996) (unpublished op.) (reversing and remanding because the administrative law judge had failed to discuss a treating physician's opinion concerning limitations which included avoidance of stooping).

II.     Dr. Hughes

The administrative law judge also erred through a failure to consider the opinion by an examining physician, Dr. Hughes.

In January 2004, Dr. Hughes examined the Plaintiff and stated to a vocational specialist:

> [I]f you are considering [Ms. Taylor] a candidate for a retraining program, it is going to be difficult in that she cannot sit for long periods. If you could aim her training at a desk or bench type of work where she could be off her feet periodically and could intersperse that with walking, that would probably be satisfactory for her.

6

Rec. at p. 233. The administrative law judge never mentioned Dr. Hughes' opinion and the omission requires reversal.

The administrative law judge found that Ms. Taylor could perform a full range of sedentary work. *See supra* pp. 1, 4, 6. By definition, this assessment assumed an ability to sit for six hours each workday.[11] Dr. Hughes concluded that Ms. Taylor could not "sit for long periods,"[12] and this opinion conflicted with the administrative law judge's RFC findings.[13] The judge might have rejected Dr. Hughes' opinion, but he also might simply have overlooked it.[14] One cannot tell from the written decision, and the judge's silence constitutes reversible error.[15]

---

[11]   *See* Social Security Ruling 96-9p, Policy Interpretation Ruling Titles II and XVI: Determining Capacity to Do Other Work–Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 1996 WL 374185, Westlaw op. at 3 (July 2, 1996) (stating that for sedentary work, "[s]itting would generally total about 6 hours of an 8-hour workday"); *see also* 20 C.F.R. §§ 404.1567(a), 416.967(a) (2005) ("a sedentary job is defined as one which involves sitting").

[12]   Rec. at p. 233; *see supra* pp. 6-7.

[13]   *See Maynard v. Astrue*, 2007 WL 495310, Westlaw op. at 3 (10th Cir. Feb. 16, 2007) (unpublished op.) ("a medically supported prohibition on prolonged sitting . . . means that [the claimant] would not be able to perform the full range of sedentary work").

[14]   The Defendant apparently concedes that Dr. Hughes' opinion had conflicted with the judge's RFC findings. *See* Brief in Support of Commissioner's Decision at p. 6 (July 27, 2007) ("In contrast to Dr. Hughes' opinion, and consistent with the evidence in the record, the [administrative law judge] found that Plaintiff could perform a full range of sedentary work and a significant range of light work." (citation omitted)).

[15]   Mr. Astrue defends the administrative law judge's failure to discuss the opinion, arguing that it was not entitled to significant weight because Dr. Hughes had only examined the Plaintiff once and the opinion was inconsistent with the other evidence. But the administrative law judge did not state that he was rejecting Dr. Hughes' opinion for these reasons, and the Court cannot rely on the Defendant's *post-hoc* justification. *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require

RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is September 19, 2007. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 ( 10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

STATUS OF THE REFERRAL

The referral is terminated.

Entered this 30th day of August, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").